United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-1075

Erin Marie Schmidt,
for the United States Trustee
Erin.Schmidt2@usdoj.gov

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | **Case No. 22-43131-ELM-11** |
| **Kings 828 Trucking, LLC,** | § | |
| | § | |
| | § | **CHAPTER 11** |
| | § | |
| | § | **Hearing Date: Emergency** |
| **Debtor-in-Possession.** | § | **Setting to be Requested** |

**United States Trustee's Motion to Dismiss under 11 U.S.C. § 1112(b)**

TO THE HONORABLE EDWARD LEE MORRIS, U.S. BANKRUPTCY JUDGE:

William T. Neary, the United States Trustee for Region 6 ("United States Trustee"), moves to dismiss the above-referenced Debtor under 11 U.S.C. § 1112(b).  The United States Trustee would respectfully show:

**Summary**

Cause exists to dismiss this case because the Debtor, which operates a trucking service, has allowed its liability and cargo insurance to lapse. The Debtor has also failed to provide the United States Trustee with adequate proof of insurance for all its vehicles and trailer.  While the Debtor provided updated proof of insurance for one vehicle and its

trailer, the policy lists sole member Derek Flores, and not the Debtor, as the named insured. The United States Trustee intends to seek expedited consideration of this motion because the Debtor has not provided him with proof of adequate insurance.

## Jurisdiction

1.  The Court has subject matter jurisdiction under 28 U.S.C. § 1334, 28 U.S.C. § 157(a)(1), and the standing order of reference. Dismissal or conversion under 11 U.S.C. § 1112(b) impacts the case administration and therefore is a core matter that the Court has the power to resolve. 28 U.S.C. § 157(b)(2)(A).

## Facts

General background

2.  On December 22, 2022 ("Petition Date"), Kings 828 Trucking, LLC ("Debtor") filed a voluntary chapter 11 petition in the U.S. Bankruptcy Court for the Northern District of Texas, commencing case no. 22-43131-ELM-11.

3.  The Debtor operates a small trucking company.

4.  Sole member Derek Flores signed the petition, schedules, and statement of financial affairs ("SOFA").

5.  The Debtor originally elected to proceed under subchapter V of chapter 11 on its original petition ("Original Petition"). [docket no. 1 at 2].

6.  The Debtor then filed an amended petition ("Amended Petition") indicating that it is a small business debtor as defined under 11 U.S.C. § 101(51D) but that it did not elect to proceed under subchapter V of chapter 11. [docket no. 6 at 2].

7.  The Debtor is represented by Eric Liepins.

Overview – assets and liabilities, income, etc.

8. The Debtor averred on Schedule A/B that it owned no real property and personal property valued at $196,000.00. [docket no. 10 at 4].

9. The Debtor averred on Schedule A/B that it owned the following:

a. An "overdrawn" Chase checking account with $0.00;

b. $6,000.00 in accounts receivables; and

c. $190,000.00 aggregate value for a "2018 Peterbilt 579; 2016 Freightliner; 2021 GMC. 48' Great Dane Flatbed Trailer."

[docket no. 10 at 5-6].

10. The Debtor averred on Schedule D that it owed an aggregate $196,000.00 to the following secured creditors:

| Para. No. | Creditor Name | Claim Amount | Collateral |
|---|---|---|---|
| a. | 2.1 Ally Financial | $70,000.00 | 2021 GMC 2500 |
| b. | 2.2 Bravo Capital | $80,000.00 | 2018 Peterbilt |
| c. | 2.3 Daimler Truck Financial | $30,000.00 | 2016 Freightliner |
| d. | 2.4 Transportation Alliance Bank | $16,000.00 | Great Dane[1] |

[docket no. 10 at 9-10].

11. The Debtor averred on Schedule E/F that it had no priority unsecured claims and $56,500.00 in general unsecured claims. [docket no. 10 at 13].

Initial debtor interview

12. On January 10, 2023, Mr. Flores signed the "Obligations of Chapter 11 Cases Acknowledgement of Receipt" form ("Signed Form"), which acknowledged that he had

---

[1] This appears to reference the 48' Great Dane trailer.

received a copy of the *Guidelines for Chapter 11 Cases Northern & Eastern Districts of Texas Region VI* ("Guidelines")[2] and that he would "or will review it thoroughly and comply with same."

13. The Signed Form specifically indicated the following:

As outlined in Section VII [of the Guidelines], I will add the U.S. Trustee as a notified party on my insurance policies, maintain appropriate insurance coverage, and provide the U.S. Trustee's office with updated declaration pages when policies are renewed.

14. On January 11, 2023, United States Trustee auditor Kendra Rust conducted an initial debtor interview ("IDI") with Messrs. Flores and Liepins.

15. Mr. Flores did not provide liability or property insurance to the United States Trustee before the ID but verbally assured Ms. Rust that the Debtor had vehicle insurance in place.

16. On January 18, 2023, Mr. Liepins forwarded the following to Ms. Rust:

   d. Commercial Policy No. QTXD-101739 for the period March 21, 2022 through March 21, 2023, covering the 2018 Peterbilt and 2016 Freightliner;

   e. Commercial Policy No. QTXD-101739-03, also for the period March 21, 2022 through March 21, 2023, providing public liability coverage; and

   f. Lloyd's Certificate No. Z218304-948MTC for motor truck cargo insurance, effective March 21, 2022 through March 21, 2023, covering the 2018 Peterbilt and 2016 Freightliner.

---

[2] The *Guidelines* may be accessed at
www.justice.gov/ust/r06/docs/general/idi/Chapter11_Guidelines.pdf.

17.     On January 19, 2023, Ms. Rust emailed Mr. Liepins to inquire about the insurance for the 2021 GMC truck and noted that even if that truck was "currently sitting," the United States Trustee still required "proof of motor carrier liability insurance."

§ 341 Meeting of Creditors

18.     On February 1, 2023, trial attorney Erin Schmidt commenced the § 341 meeting of creditors ("February 1, 2023, § 341 Meeting").

19.     Mr. Flores appeared and testified under oath at the February 1, 2023, § 341 Meeting.

20.     Ms. Schmidt inquired about, among other things, insurance coverage for the Great Dane trailer and 2021 GMC Sierra.

21.     Ms. Schmidt continued the § 341 meeting for February 8, 2023.

22.     Mr. Flores appeared and testified under oath at the February 8, 2023, § 341 meeting.

23.     On February 8, 2023, Mr. Liepins forwarded Policy No. 10033984601 to Ms. Schmidt evidencing coverage of the 2021 GMC Sierra for the period August 25, 2022, through February 25, 2023.

24.     The named insured for the 2021 GMC Sierra was Mr. Flores' wife Maria Guadalupe Chavez Rojas.

25.     Ms. Schmidt stated at the February 8, 2023, § 341 meeting that the insurance on the 2021 GMC Sierra needed to be in the Debtor's name, and not Mr. Flores' wife's.

26.     Ms. Schmidt stated at the February 8, 2023, § 341 meeting that the Debtor would be required to provide the United States Trustee proof of renewed insurance for the other

insurance policies given that they were set to expire either the end of February 2023 or March 2023.

United States Trustee Follows Up on Renewed Insurance

27. The Debtor did not provide the United States Trustee updated insurance policies reflecting the Debtor as the insured party.

28. On March 30, 2023, Ms. Schmidt emailed Mr. Liepins to inform him that the United States Trustee would move to dismiss this case if the Debtor did not provide adequate proof of insurance.

29. That same day, Mr. Liepins emailed the following:

    g. Non-Trucking Liability and Physical Damage Policy No. ATP4504158-00 insuring individual Derek Flores for the period March 21, 2023, through March 21, 2024 reflecting insurance coverage for the 2018 Peterbilt and Great Dane trailer; and

    h. Contingent Liability Policy No. OA4504152-00 insuring Firebird Bulk Carriers, Inc. and Phoenix Oil for the period April 1, 2023, through April 1, 2024 reflecting workers' compensation protection.

Debtor's Plan of Reorganization

30. On March 22, 2023, the Debtor filed its *Plan of Reorganization of Kings 828 Trucking, LLC Pursuant to Section 1190[3] of the Bankruptcy Code* ("Plan") which proposes the following:

    i. Retention of the 2021 GMC Sierra;

    j. Retention of the 2020 Great Dane;

---

[3] The Debtor did not elect to proceed under subchapter V of chapter 11 but instead elected to proceed as a non-subchapter V small business debtor under 11 U.S.C. § 101(51D). *See* Amended Petition at 2.

    k.   Retention of the 2018 Peterbilt; and

    l.   Surrender of the 2016 Freightliner.

[docket no. 10].

31.    The Debtor has not informed the United States Trustee that the 2016 Freightliner is no longer part of the bankruptcy estate.

## Argument

Overview

32.    Section 1112(b) of the Bankruptcy Code provides that, "[e]xcept as provided in . . . subsection (c) . . . the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause. . . ." 11 U.S.C. § 1112(b)(1). Under § 1112(c), the court cannot covert a case to chapter 7 if the debtor is a non-profit corporation, but the court must still dismiss the case if cause is established. *Id.* § 1112(c).

33.    Section 1112(b) places the initial burden of establishing "cause" on the movant. *Id.*; *see also In re Briggs-Cockerham, L.L.C.*, No. 10-34222-BHJ-11, 2010 WL 4866874 at *4 (Bankr. N.D. Tex. Nov. 23, 2010). If cause is established, the burden shifts to the debtor to prove that he or she falls within the § 1112(b)(2) "unusual circumstances" exception to § 1112(b)(1)'s mandatory conversion. 11 U.S.C. § 1112(b)(2).

Failure to maintain appropriate insurance

34.    Cause exists for dismissal when a debtor fails "to maintain appropriate insurance that poses a risk either to the estate or to the public." 11 U.S.C. § 1112(b)(4)(C). The Supreme Court has held that the estate may be liable for any damages resulting from negligence. *Reading Co. v. Brown,* 391 U.S. 471, 481 (1968). While *Reading Co. v.*

*Brown* was decided under the old Bankruptcy Act, the Fifth Circuit has more recently cited to this case to support the principle that the estate may be liable for administrative costs incurred through a trustee's failure to act. *See, e.g., Texas v. Lowe (In re HLS Energy Co.)*, 151 F.3d 434 (5th Cir. 1998)(bankruptcy estate liable for cost of plugging in wells).

35. Local Bankruptcy Rule 2020-1 provides:

> The United States Trustee may from time to time publish and file with the Bankruptcy Clerk guidelines on matters such as insurance, operating reports, bank accounts and money of estates and other subjects pertaining to the administration of chapter 11 cases. Failure to comply with the requirements of these guidelines may constitute cause justifying the appointment of a trustee, or dismissal or conversion of the case pursuant to 11 U.S.C. § 1112(b).

Local Bankruptcy Rule 2020-1.

36. The United States Trustee's Guidelines requires debtors to evidence updated insurance coverage by providing declaration pages showing the United States Trustee as a notification party. See Guidelines VII(C).

37. Cause exists to dismiss this case because the Debtor has not provided the United States Trustee with updated insurance binder/declaration pages for its cargo insurance; commercial liability insurance; or vehicle insurance for the 2016 Peterbilt Freightliner or 2021 GMC Sierra. Although the Debtor had previously provided declaration pages for these policies, they expired March 25, 2023.

38. Debtor's counsel provided updated proof of insurance for the 2018 Peterbilt and Great Dane trailer. However, the named insured on this policy is Mr. Flores, not the Debtor. These policies also do not appear to cover damages or injuries incurred while transporting goods.

39. The Debtor also needs to provide proof of coverage for the 2021 GMC Sierra and the 2016 Freightliner. While the Plan proposes surrendering the 2016 Freightliner, the Debtor is still required to insure it while it remains part of the estate. Given that the Debtor has not yet advised the United States Trustee that the 2016 Freightliner is no longer part of estate, it should still be required to provide proof of adequate insurance. *See* Guidelines at VII(E).

40. The Debtor also needs to submit declaration pages or binders as evidence that these policies have been bound and that these must list the <u>Debtor</u> (exactly as on the petition) as named insured or additional insured; the property to be insured; the type of insurance policy; the coverage amounts; and the insurance policy period. The United States Trustee requests declaration pages or binders because a certificate of insurance ("COI"), by itself, is not adequate proof. A COI is a document created by the insurance agent summarizing the insurance for a third party. *See* Texas Insurance Code sec. 1811.001. It "does not include an insurance binder or policy form." *See Id*. Although a certificate of insurance is confirmation from the agent that an insurance policy has been issued (or that coverage has been bound), it does not constitute the binder. *Id.* at section 1811.151.

<u>Failure to provide information reasonably requested by the United States Trustee and gross mismanagement</u>

41. "Failure to timely provide information or attend meetings reasonably requested by the United States Trustee" constitutes additional cause to dismiss this case. 11 U.S.C. § 1114(b)(4)(H). So is gross mismanagement of the estate. 11 U.S.C. § 1112(b)(4)(B).

42. The Debtor only provided proof of insurance *after* its principal Derek Flores and his counsel attended the IDI. This insurance remained problematic given that at least one of

the vehicles was insured in the name of Mr. Flores' wife, not the Debtor. The Debtor has not provided updated proof of cargo or liability insurance and while it provided updated insurance for two of its vehicles, these are insured in Mr. Flores' name, not the Debtor's. These failures suggest a cavalier approach to the Debtor's obligations as a chapter 11 debtor and constitute cause for dismissal both for failure to timely provide information to the United States Trustee as well as gross mismanagement.

### **Conclusion**

The United States Trustee respectfully requests that the Court dismiss this Debtor. The United States Trustee further respectfully requests that the Court grant any other relief to which he might be entitled.

DATED: April 3, 2023        Respectfully submitted,


                            WILLIAM T. NEARY
                            UNITED STATES TRUSTEE

                            */s/ Erin Marie Schmidt*
                            Erin Marie Schmidt
                            Trial Attorney
                            Texas State Bar No. 24033042
                            Office of the United States Trustee
                            1100 Commerce Street, Room 976
                            Dallas, Texas 75242
                            (214) 767-1075
                            Erin.Schmidt2@usdoj.gov

**Certificate of Service**

    I certify that I sent copies of this motion on April 3, 2023 to all parties entitled to receive ECF notice in this case.

*/s/ Erin Marie Schmidt*
Erin Marie Schmidt